IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VAUN THOMAS-BEY, JR. #230137 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. PJM-15-37 |
| JANICE GILMORE | * | |
| WEXFORD HEALTH SERVICES, INC. | | |
| Defendants. | * | |

*****

## MEMORANDUM OPINION

Inmate Vaun Thomas-Bey ("Plaintiff"), who is representing himself, filed a Complaint for damages under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA") which relates to his allegations that he failed to receive medical services while confined at the Western Correctional Institution ("WCI"). He complains that in May of 2014, Dr. Ottey authorized him to have access to a walker, along with a handicapped accessible cell and shower due to Plaintiff's prior neurological surgery at the University of Connecticut Hospital. Plaintiff claims that unknown prison officials and Defendant Gilmore, a Wexford Health Sources ("Wexford") Regional Administrator, interfered with Dr. Ottey's medical orders. Plaintiff further contends that on May 29, 2014, a Nurse Practitioner issued a medical order for the use of a wheelchair, but he has been unable to use the wheelchair because of the denial of a handicapped cell. ECF No. 1.

Defendants, by their counsel, have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, accompanied by a declaration and six pages of medical notes. ECF No. 17. Plaintiff has filed an Opposition response[1] and Defendants have filed a Reply.

---

[1] Several Inmates have filed a Motion for Permissive Joinder and for Class Certification. ECF Nos. 21 & 23-26. Defendants oppose the Motions. ECF No. 28. The Motions shall be denied.

ECF Nos. 27 & 29. Oral hearing is not needed to resolve the issues. *See* Local Rule 106.5 (D. Md. 2014). For reasons to follow, Defendant Wexford's Motion to Dismiss shall be granted. Defendant's Gilmore's Motion to Dismiss or for Summary Judgment shall be denied. The Complaint shall proceed as to Defendant Gilmore.

## STANDARD OF REVIEW

**I.      Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must

---

First, the inmates do not meet the requirements of Fed. R. Civ. P. 23(a)(4), *i.e.,* that they will be able to "fairly and adequately protect the interests of the class." This requirement is met if it appears that (1) the lead inmate has interests in common with, and not antagonistic to, the proposed class's interests; and (2) the lead inmate's attorneys are qualified, experienced and generally able to conduct the litigation. *Id.;*. Looking initially at the second criteria, there is no "lead attorney" in this case, or indeed any attorney at all, and it is well settled that this circuit does not certify a class where a pro se litigant or litigants are acting as representatives of that class. *See Kirby v. Blackledge,* 530 F.2d 583, 588 (4th Cir. 1976). Because the rights of many persons may be affected in a class action, such an action will not be certified unless counsel has been retained or appointed to represent the class. *See Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975) (it is "plain error for a pro se inmate to represent other inmates in a class action").

Further, on their face, the inmates' claims do not present common questions of law or fact, and "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder of inmates otherwise allowed by Rule 20(a)(1)." *Boretsky v. Corzine,* Civil Action No. 08–2265(GEB), 2008 WL 2512916, at *5–6 (D. N.J. June 23, 2008) (unpublished) (collecting cases), *aff'd sub nom Boretsky v. Governor of N.J.,* 433 Fed. Appx. 73 (3d Cir. 2011) (per curiam) (unpublished), *cert. denied sub nom. Harvey v. Christie,* 132 S.Ct. 1108 (2012). Plainly, joinder would be inappropriate in this case. *See also* F.R.C.P. 20(b); 7 Wright, Miller, & Kane, Federal Practice and Procedure, § 1652 (3d ed. 2001) (discussing the court's discretion to deny permissive joinder where it determines joinder would not foster the objectives of Fed. R. Civ. P. 20 but would instead "result in prejudice, expense, or delay").

2

"accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). This Court, however, "need not accept the legal conclusions drawn from the facts, and [the Court] need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id*. (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). Second, a complaint must be dismissed if it does not allege a "plausible" claim for relief. *Id*. at 678–79 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## II.     Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). Whether a fact is material depends upon the substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986). Accordingly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id*. "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 522 (4th Cir.2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in his favor. *Scott* 550 U.S. at 378 (citation omitted); *see also Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore,* 721 F.3d 264, 283 (4th Cir. 2013) (citation omitted). At the same time, the court must not yield its obligation "to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (citation and internal quotation marks omitted).

A federal court must liberally construe pleadings filed by self-represented litigants to allow them to fully develop potentially meritorious cases. *See Erickson* 551 U.S. at 94; *Cruz v. Beto*, 405 U.S. 319 (1972). The requirement of liberal construction does not mean the court can ignore a clear failure in the pleadings to allege facts which set forth a claim, *see Weller v. Department of Social Services,* 901 F.2d 387, 391 (4th Cir. 1990), or assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).

A federal court must liberally construe pleadings filed by self-represented litigants to allow them fully to develop potentially meritorious cases. *Erickson v. Pardus*, 551 U.S. 89, 94

4

(2007). This court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party, particularly when that party is self-represented. *See Scott v. Harris,* 550 U.S. 372, 378 (2007); *Gordon v. Leek*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## ANALYSIS

Defendants claim that Plaintiff has been provided all requested medical equipment and accommodations, except for that of a wheelchair accessible cell. They affirm, however, that the request was denied by WCI prison officials, not Gilmore or Wexford. ECF No. 17, Ex. A. Further, they maintain that Plaintiff was provided a cane and permitted to use a chair in the shower as of May 1, 2014. They also assert that on May 9, 2014, Plaintiff was given a walker and as of May 21, 2014, he was permitted to use a handicapped shower. ECF No. 17, Exs. B, C & D.

Defendants observe that Plaintiff has factually failed to set out any claims against Wexford. Gilmore affirms in her Declaration that a prisoner's request for a housing accommodation is considered, evaluated and either approved or denied by WCI prison officials. She maintains that she is not responsible for approving, denying, or ratifying physician's orders for medical equipment or accommodations for prisoners with any claimed disabilities nor does she determine an inmate's eligibility for any such requested medical equipment or accommodations. ECF No. 17, Ex. A. Defendants affirm that they were not involved in determining Plaintiff's eligibility for or in denying his request for a wheelchair accessible cell and the request for such a cell was denied by WCI prison officials because Plaintiff did not meet the criteria for such a cell. *Id.*, Ex. D.

5

Gilmore maintains that it is the prison's policy that an inmate must be confined to a wheelchair greater than 50% of the time to qualify for a wheelchair accessible cell. She observes that Plaintiff is not confined to a wheelchair and was seen running in the prison yard. Gilmore opines that as Plaintiff is able to walk, he did not qualify under the prison policy for a wheelchair accessible cell and was therefore denied same by prison officials. *Id.* Ex. A.

In his Opposition, Plaintiff claims that he suffers from epilepsy, grand mal status, an abnormal gait and glaucoma. He maintains it is impossible for him to run. ECF No. 27-3. He claims and documents that Dr. Ottey recommended that he be housed in a handicapped accessible cell due to his medical seizures. ECF No. 27-2. He maintains that the wheelchair was denied by Defendant Gilmore. Plaintiff further complains that he has complained to Dr. Ottey of falling in the cell due to the fact that it is not handicapped accessible. He affirms that he has never received any documentation from the Department of Public Safety and Correctional Services informing him that he was ineligible for a handicapped cell. He presents the declarations of other inmates who maintain that physicians ordered them to have handicapped accessible cells, only to have the order rescinded or denied by other unknown healthcare provider(s). ECF No. 27-4, 27-5, 27-6, 27-7, 27-8 & 27-9. Plaintiff maintains that Defendants have failed to produce any exhibits or declarations from WCI staff showing that he was ineligible for a handicapped cell.

In their Reply, Defendant rely on their original summary judgment motion and repeat their previously raised arguments. They maintain that neither Gilmore nor Wexford were involved in determining Plaintiff's eligibility or in denying his request for a wheelchair accessible cell.

With regard to the claims raised against Wexford and Gilmore, the Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) citing *Wilson v. Seiter*, 501 U.S.294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted above, objectively, the medical condition at issue must be serious.[2] *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839-40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that

---

[2] A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko*, 535 F.3d at 241, citing to *Henderson v. Sheahan,* 196 F.3d 839, 846 (7th Cir. 1999).

7

risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter…becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), quoting *Farmer,* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *Brown*, 240 F. 3d at 390; citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken). Inmates do not have a constitutional right to the treatment of their choice, *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986), and disagreements between medical staff and an inmate over the necessity for or extent of medical treatment do not rise to a constitutional injury. *See Estelle*, 429 U.S. at 105-06; *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *see also Fleming v. LeFevere*, 423 F.Supp.2d 1064, 1070-71 (C.D. Cal. 2006).

Title II of the ADA, 42 U.S.C. § 12131, *et seq.*, prohibits qualified individuals with disabilities from being excluded from participation in or being denied the benefits of the services, programs or activities of a public entity. Cases interpreting the language of the ADA and that of the Rehabilitation Act ("RHA") have concluded that the applicable legal tests created by these statutes are interchangeable. *See Calloway v. Boro of Glassboro Dep't of Pol.,* 89 F.Supp.2d 543, 551 (D. N.J. 2000). To state a claim for violation of either the RHA or the ADA, the plaintiff must show that (s)he (1) has a disability, (2) is otherwise qualified to participate in a

program, and (3) was denied the benefits of the program or discriminated against because of the disability. *See Millington v. Temple Univ. Sch. Of Dentistry*, 261 Fed. App. 363, 365 (3rd Cir. 2008). A physical condition may qualify as a "disability" within the meaning of the ADA and RHA because it "substantially limits one or more ... major life activities." 42 U.S.C. § 12102; 29 U.S.C. § 705(20)(B). Under the law in this circuit, to establish that he is disabled under the ADA, Plaintiff must prove that: he has a physical or mental impairment; that this impairment implicates at least one major life activity; and the limitation is substantial. *See Heiko v. Columbo Savings Bank, F.S.B.*, 434 F.3d 249, 254 (4th Cir. 2006).

There is no dispute that Plaintiff suffers from grand mal epilepsy, an abnormal gait, and glaucoma. Plaintiff's exhibits show that on May 8, 2014, a Medical Assignment alert was written for him to temporarily (one year) receive a lower bunk in a handicapped accessible cell and the use of a handicapped accessible shower due to seizures. In May of 2014, he informed medical personnel that he had received "paperwork" to be placed in a handicapped cell, to receive access to handicapped shower facilities and to be provided a walker. There is no dispute that he received access to the handicapped shower and walker, but not the handicapped cell. The Provider Visit notation entered by Nurse Practitioner Mahler on May 21, 2014, indicates that she was advised by the "administrator" that Plaintiff did not meet the criteria for a handicapped cell. Defendant Gilmore affirms by declaration that she is not responsible for approving, denying, or ratifying a physician's orders for medical equipment or accommodations for prisoners with any claimed disabilities nor does she determine an inmate's eligibility for any such requested medical equipment or accommodations. Plaintiff, by verified Declaration affirms that he was never informed that correctional staff had found him ineligible for the handicapped cell.

Defendants correctly observe that the Complaint fails to set out a claim against Wexford. Moreover, principles of municipal liability under § 1983 apply equally to a private corporation. Therefore, a private corporation is not liable under § 1983 for actions allegedly committed by its employees when such liability is predicated solely upon a theory of respondeat superior. *See Austin v. Paramount Parks, Inc.,* 195 F.3d 715, 727-28 (4th Cir. 1999); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982). The complaint against Wexford shall be dismissed.

There is no dispute that Plaintiff was provided a cane, walker, and access to a handicapped accessible shower. There are genuine disputes of material fact, however, as to whether Plaintiff qualifies for a handicapped accessible cell[3] and who made the determination that he does not satisfy the criteria for receiving such an assignment. Defendant Gilmore maintains that she has no involvement in making such decisions, rather it is the prison staff who do so. Plaintiff, however, affirms that he has never been notified by WCI staff that he failed to qualify for such placement. The limited record provided to the Court indicates that an "administrator" informed a Nurse Practitioner that Plaintiff did not qualify for such an assignment. There are open questions as to who made the determination and on what basis the finding was made. For these reasons, Gilmore's dispositive motion shall be denied at this time.

## CONCLUSION

For the aforementioned reasons, the Motion to Dismiss filed by Wexford is granted. The Motion to Dismiss or for Summary Judgment filed by Gilmore is denied. The parties shall be

---

[3] The Court finds that Defendants reliance on a video DVD, taken during a general mass movement of inmates outside the WCI dining room, as woefully inadequate. There is no means of identifying Plaintiff in the video and Plaintiff's rebuttal Declaration affirms he cannot run.

10

granted additional time to submit further briefing on the outstanding issues. A separate Order effecting the rulings made in this opinion is entered herewith.

November 20, 2015

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE