IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VAUN THOMAS-BEY, JR. #230137     *
          Plaintiff,
     v.                                   *     CIVIL ACTION NO. PJM-15-37

JANICE GILMORE                *
          Defendants.
                                       *****

**MEMORANDUM OPINION**

Inmate Vaun Thomas-Bey ("Plaintiff") filed a self-represented Complaint for damages under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA") which relates to his allegations that he failed to receive medical services while confined at the Western Correctional Institution ("WCI"). He complains that in May of 2014, Dr. Ottey authorized him to have access to a walker, along with a handicapped accessible cell and shower due to Plaintiff's prior neurological surgery at the University of Connecticut Hospital. Plaintiff claims that unknown prison officials and Defendant Gilmore, a Wexford Health Sources ("Wexford") Regional Administrator, interfered with Dr. Ottey's medical orders. He further contends that on May 29, 2014, a Nurse Practitioner issued a medical order for the use of a wheelchair, but he has been unable to use the wheelchair because of the denial of a handicapped cell. ECF No. 1.

Defendants, by their counsel, filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, accompanied by a declaration and medical notes. ECF No. 17. Plaintiff filed an Opposition response and Defendants filed a Reply. ECF Nos. 27 & 29. On November 20, 2015, Defendant Wexford's Motion to Dismiss was granted. Defendant Gilmore's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment was denied. Gilmore and Plaintiff were granted additional time to submit supplemental briefing. ECF Nos. 30 & 31.

Gilmore submitted supplemental briefing in support of her Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 35. Plaintiff filed a Supplemental Opposition and Gilmore filed a Reply. ECF No. 39 & 42. Oral hearing is not needed to resolve the issues. *See* Local Rule 106.5 (D. Md. 2014). For reasons to follow, Defendant's Gilmore's "renewed" Motion to Dismiss or for Summary Judgment, construed as a motion for summary judgment, shall be granted. The Complaint shall be dismissed.

## STANDARD OF REVIEW

**II.      Motion for Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). Whether a fact is material depends upon the substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986). Accordingly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 522 (4th Cir.2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in his favor. *Scott* 550 U.S. at 378 (citation omitted); *see also Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore,* 721 F.3d 264, 283 (4th Cir. 2013) (citation omitted). At the same time, the court must not yield its obligation "to

prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (citation and internal quotation marks omitted).

A federal court must liberally construe pleadings filed by self-represented litigants to allow them to fully develop potentially meritorious cases. *See Erickson* 551 U.S. at 94; *Cruz v. Beto*, 405 U.S. 319 (1972). The requirement of liberal construction does not mean the court can ignore a clear failure in the pleadings to allege facts which set forth a claim, *see Weller v. Department of Social Services,* 901 F.2d 387, 391 (4th Cir. 1990), or assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).

A federal court must liberally construe pleadings filed by self-represented litigants to allow them fully to develop potentially meritorious cases. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party, particularly when that party is self-represented. *See Scott v. Harris,* 550 U.S. 372, 378 (2007); *Gordon v. Leek*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## ANALYSIS

Defendant Gilmore claims that Plaintiff has been provided all requested medical equipment and accommodations, except for that of a wheelchair accessible cell. She affirms, however, that the request was denied by WCI prison officials, and that she, as the Regional Administrator for Wexford, is not involved in any way in determining an inmate's eligibility for a wheelchair accessible cell and did not deny Plaintiff's request for such a cell. ECF No. 35, Ex. A. Further, Gilmore maintains that Plaintiff was provided a cane and permitted to use a chair in the shower as of May 1, 2014. She further argues that on May 9, 2014, Plaintiff was given a

walker and as of May 21, 2014, he was permitted to use a handicapped shower. ECF No. 17, Exs. B, C & D.

Gilmore and Assistant Warden Gelsinger affirm in their Declarations that a prisoner's request for a housing accommodation is considered, evaluated and either approved or denied by WCI prison officials. They maintain that Gilmore is not responsible for approving, denying, or ratifying physician's orders for medical equipment or accommodations for prisoners with any claimed disabilities nor does she determine an inmate's eligibility for any such requested medical equipment or accommodations. Indeed, it is the Division of Correction ("DOC") policy that, to qualify for a wheelchair accessible cell, the inmate must be wheelchair-bound. Gilmore argues that if an inmate can ambulate in his cell with the use of grab bars, or if an inmate needs a wheelchair only for long distances, the inmate will not qualify for a wheelchair accessible cell per DOC policy. ECF Nos. 17, Ex. A; ECF No. 35, Ex. A. Gilmore affirms that she was not involved in determining Plaintiff's eligibility for or in denying his request for a wheelchair accessible cell and the request for such a cell was denied by WCI prison officials because Plaintiff did not meet the criteria for such a cell as he is not wheelchair-bound. *Id.*

With regard to the claims raised against Gilmore, the Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) citing *Wilson v. Seiter*, 501 U.S.294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to

deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted above, objectively, the medical condition at issue must be serious.[1] *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839-40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter…becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), quoting *Farmer,* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be

---

[1] A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko*, 535 F.3d at 241, citing to *Henderson v. Sheahan,* 196 F.3d 839, 846 (7th Cir. 1999).

5

judged in light of the risk the defendant actually knew at the time. *Brown*, 240 F. 3d at 390; citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken). Inmates do not have a constitutional right to the treatment of their choice, *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986), and disagreements between medical staff and an inmate over the necessity for or extent of medical treatment do not rise to a constitutional injury. *See Estelle*, 429 U.S. at 105-06; *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *see also Fleming v. LeFevere*, 423 F.Supp.2d 1064, 1070-71 (C.D. Cal. 2006).

Title II of the ADA, 42 U.S.C. § 12131, *et seq.*, prohibits qualified individuals with disabilities from being excluded from participation in or being denied the benefits of the services, programs or activities of a public entity. Cases interpreting the language of the ADA and that of the Rehabilitation Act ("RHA") have concluded that the applicable legal tests created by these statutes are interchangeable. *See Calloway v. Boro of Glassboro Dep't of Pol.,* 89 F.Supp.2d 543, 551 (D. N.J. 2000). To state a claim for violation of either the RHA or the ADA, the plaintiff must show that (s)he (1) has a disability, (2) is otherwise qualified to participate in a program, and (3) was denied the benefits of the program or discriminated against because of the disability. *See Millington v. Temple Univ. Sch. Of Dentistry*, 261 Fed. App. 363, 365 (3rd Cir. 2008). A physical condition may qualify as a "disability" within the meaning of the ADA and RHA because it "substantially limits one or more ... major life activities." 42 U.S.C. § 12102; 29 U.S.C. § 705(20)(B). Under the law in this circuit, to establish that he is disabled under the ADA, Plaintiff must prove that: he has a physical or mental impairment; that this impairment

implicates at least one major life activity; and the limitation is substantial. *See Heiko v. Columbo Savings Bank, F.S.B.*, 434 F.3d 249, 254 (4th Cir. 2006).

There is no dispute that Plaintiff suffers from grand mal epilepsy, an abnormal gait, and glaucoma. Plaintiff's exhibits show that on May 8, 2014, a Medical Assignment alert was written for him to temporarily (one year) receive a lower bunk in a handicapped accessible cell and the use of a handicapped accessible shower due to seizures. In May of 2014, he informed medical personnel that he had received "paperwork" to be placed in a handicapped cell, to receive access to handicapped shower facilities and to be provided a walker. There is no dispute that he received access to the handicapped shower and walker, but not the handicapped cell. The Provider Visit notation entered by Nurse Practitioner Mahler on May 21, 2014, indicates that she was advised that Plaintiff did not meet the criteria for a handicapped cell. Gilmore affirms by declaration that she is not responsible for approving, denying, or ratifying a physician's orders for medical equipment or accommodations for prisoners with any claimed disabilities nor does she determine an inmate's eligibility for any such requested medical equipment or accommodations. Plaintiff, by verified Declaration affirms that he was never informed that correctional staff had found him ineligible for the handicapped cell.

There is no dispute that Plaintiff was provided a cane, walker, and access to a handicapped accessible shower. The issue before this Court is whether Plaintiff qualifies for a handicapped accessible cell and who made the determination that he does not satisfy the criteria for receiving such an assignment. Defendant Gilmore maintains that she has no involvement in making such decisions, rather it is the prison staff who do so. Assistant Warden Gelsinger now affirms that Gilmore is neither a healthcare provider nor a DOC Traffic Officer and she is not

involved in determining an inmate's eligibility for a wheelchair accessible cell. Plaintiff in turn affirms that he has never been notified by WCI staff that he failed to qualify for such placement, but he provides no direct evidence to rebut Gilmore's asseverations that she had no person or supervisory involvement in deciding who receives a handicapped accessible cell. For these reasons, Gilmore's dispositive motion shall be granted.

## CONCLUSION

For the aforementioned reasons, the renewed dispositive motion, construed as a motion for summary judgment IS GRANTED. A separate Order effecting the rulings made in this opinion is entered herewith.


Date:  March 28, 2017                                     _____/s/_____
                                                          PETER J. MESSITTE
                                                          UNITED STATES DISTRICT JUDGE